UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNA BARNARD,<br><br>Plaintiff,<br><br>v.<br><br>COREPOWER YOGA LLC,<br><br>Defendant. | Case No. 16-cv-03861-HSG<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 36 |

Pending before the Court is the unopposed motion for preliminary approval of class action settlement filed by Plaintiff Shauna Barnard, individually and on behalf of the settlement class as defined herein. Dkt. No. 36. Plaintiff filed suit against Defendant CorePower Yoga, LLC, for multiple wage and hour violations under California law. The parties have reached a settlement regarding Plaintiff's claims and now seek the required court approval. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for preliminary approval of class action settlement.

I. **BACKGROUND**

   A. **Factual Background**

On May 3, 2016, Plaintiff filed this action against Defendant in Alameda Superior Court, alleging that its pay and meal and rest break practices violated the California Labor Code. *See* Dkt. No. 1-2, Ex. A. In its second amended complaint, Plaintiff asserts nine causes of action for failure to: (1) pay minimum and hourly wages, Cal. Lab. Code §§ 1194, 1194.2, 1197, 1197.1; (2) reimburse necessary business expenses, *id.* § 2802; (3) compensate for all hours worked, *id.* §§ 200–204; (4) provide meal and rest breaks, *id.* §§ 226.7, 512; (5) pay overtime compensation, *id.* §§ 510, 558, 1194; (6) maintain accurate time and payroll records and provide itemized wage statements, *id.* §§ 226, 226.3, 1174; (7) timely pay wages due at separation of employment, *id.*

§§ 201–203; (8) unlawful and unfair business practices, Bus. & Prof. Code §§ 17200 *et seq.*; and Plaintiff also seeks (9) statutory penalties under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698 *et seq. See* Dkt. No. 36-1, Ex. C ("Second Amended Complaint" or "SAC").[1]

From April 2013 to April 2017, Plaintiff was employed by Defendant as a yoga instructor at its California studios. SAC ¶¶ 7, 19. Plaintiff alleges that these violations were willful and the result of Defendant's "systemic illegal employment practices" in its over 40 California yoga studios. *See id.* ¶¶ 4–5, 8. According to Plaintiff, Defendant did not pay its instructors minimum wage, overtime compensation, or for various other tasks they performed such as running the reception desk, completing required trainings, traveling to different studios, and creating playlists for classes. *See id.* ¶¶ 19, 36, 45, 62. Nor did they provide meal and rest breaks or reimburse them for reasonable businesses expenses. *Id.* She seeks both compensatory and statutory damages as well as restitution as appropriate. *See id.* "Prayer for Relief" ¶¶ 1–21.

### B. Settlement Agreement

Following extensive formal discovery and with the assistance of a private mediator, the parties entered into a settlement agreement. Dkt. No. 36-1, Ex. 1 ("SA"). The key terms are as follows:

<u>Class Definition</u>: All individuals who were employed at any time by Defendant in California as non-exempt/hourly yoga instructors, interns, or teachers between April 4, 2015, and the date of this order. *Id.* ¶ 5. The parties have represented that there is a total of approximately 1,536 individuals who fall within the class period. Dkt. No. 36-1 ¶ 26.

<u>Monetary Relief</u>: Defendant will establish a gross settlement fund consisting of $1,400,000. SA ¶¶ 7, 39. The parties propose that civil penalties of $30,000 related to the PAGA claim will be paid to the California Labor and Workforce Development Agency ("LWDA"). SA ¶¶ 15, 42; *see also* Cal. Lab. Code § 2699(i) (providing that penalties under PAGA are split 75% to LWDA and 25% to aggrieved employees). The gross settlement fund accordingly includes

---

[1] As noted at the hearing on the motion, held on September 7, 2017, at 2:00 p.m., the Court **GRANTS** Plaintiff's unopposed request to amend the complaint to conform with the settled claims in the settlement agreement. *See* Dkt. No. 36 at 6.

2

Court-approved attorneys' fees and costs, settlement administration fees, the LWDA payment, and any additional payment to Plaintiff as class representative. SA ¶¶ 10, 16, 39, 60. The cash payments to the class will be based on the number of yoga classes each class member taught at a California studio during the relevant class period. *Id.* ¶ 44. The parties have estimated that after the deductions identified above, individual class members will receive approximately $590. Dkt. No. 36 at 4.

Release: The class will release Defendant from all claims that arise out of services to Defendant from April 5, 2015, to the date of this order, that are based on the same operative facts as those in the SAC, including claims for the nine causes of action stated in the complaint. SA ¶¶ 22, 70.

Class Notice: A third-party settlement administrator will send class notices via first-class U.S. mail to each member of the class, using the most current known address. SA ¶¶ 27–28, 47–48. The notice will include the nature of the action; a summary of the settlement terms; an approximate total number of yoga classes the respective class member worked during the class period; instructions on how to object to and opt out of the settlement, including relevant deadlines; and the released claims. *Id.* ¶ 49; *see also* Dkt. No. 36-1, Exs. A–B.

Opt-Out Procedure: The parties propose that any putative class member who does not wish to participate in the settlement must sign and postmark a written request for exclusion to the settlement administrator within 60 days from the mailing of the class notice. *Id.* ¶¶ 25, 52–54.

Incentive Award: Plaintiff will file a motion after final settlement approval for a $10,000 incentive award, subject to court approval. SA ¶ 10. Plaintiff's counsel states that she "incurred a significant amount of risk" acting as class representative as she was employed by Defendant until "just prior to settlement." Dkt. No. 36-1 ¶ 28. Defendant does not oppose this request. SA ¶ 10.

Attorneys' Fees and Costs: Plaintiff will file an application after final settlement approval for attorneys' fees not to exceed 30% of the gross settlement amount and for costs not to exceed $20,0000. SA ¶ 2. Defendant does not oppose this request. *Id.* ¶ 2.

**II. PROVISIONAL CLASS CERTIFICATION**

The Court first considers whether provisional class certification is appropriate because it is

3

a prerequisite to preliminary approval of a class action settlement.

### A. Legal Standard

Plaintiff bears the burden of showing by a preponderance of the evidence that class certification is appropriate under Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Class certification is a two-step process. First, a plaintiff must establish that each of the four requirements of Rule 23(a) is met: numerosity, commonality, typicality, and adequacy of representation. *Id.* Second, she must establish that at least one of the bases for certification under Rule 23(b) is met. Where, as here, a plaintiff seeks to certify a class under Rule 23(b)(3), she must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### B. Analysis

To determine whether provisional certification is appropriate, the Court considers whether the requirements of Rule 23(a) and Rule 23(b)(3) have been met. As discussed in more detail below, the Court finds that both have been met in this case.

#### i. Rule 23(a) Certification

##### a. Numerosity

Rule 23(a)(1) requires that the putative class be "so numerous that joinder of all members is impracticable." The Court finds that numerosity is satisfied here because joinder of the estimated 1,536 class members would be impracticable. *See* Dkt. No. 36-1 ¶ 26.

##### b. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." A contention is sufficiently common where "it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S at 350. Commonality exists where "the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class." *Parra v. Bashas', Inc.*, 536 F.3d 975, 978–79 (9th Cir. 2008).

"What matters to class certification . . . is not the raising of common 'questions' — even in droves — but rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S at 350. Even a single common question is sufficient to meet this requirement. *Id.* at 359.

Common questions of law and fact in this action include whether Defendant's policies violated California's wage and hour laws by failing to compensate employees for time spent performing administrative tasks, such as working at the reception desk, completing required trainings, traveling to different studios, and creating playlists for classes. *See* SAC ¶¶ 19, 36, 45, 62. Plaintiff further contends that Defendant did not authorize requisite meal and rest breaks and failed to pay all wages upon the separation of employment. *Id.* Far from a singular occurrence, Plaintiff's complaint asserts that these practices were intentional, "systemic" policies. *See, e.g.*, *id.* ¶¶ 4–5, 8. Accordingly, the Court finds that the commonality requirement is met in this case.

### c. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quotation omitted). That said, under the "permissive standards" of Rule 23(a)(3), the claims "need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (quotation omitted).

Plaintiff's claims are both factually and legally similar to those of the putative class because Defendant allegedly failed to pay both Plaintiff and all class members the same forms of compensation and reimbursement. SAC ¶¶ 9, 36, 45, 62. That is sufficient to satisfy the typicality requirement.

### d. Adequacy of Representation

Rule 23(a)(4) requires that the "representative parties will fairly and adequately represent the interests of the class." The Court must address two legal questions: (1) whether the named Plaintiff and her counsel have any conflicts of interest with other class members and (2) whether

5

the named Plaintiff and her counsel will prosecute the action vigorously on behalf of the class. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000). This inquiry "tend[s] to merge" with the commonality and typicality criteria. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982). In part, these requirements determine whether "the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.*

The Court is unaware of any actual conflicts of interest in this matter and no evidence in the record suggests that either Plaintiff or proposed class counsel have a conflict with other class members. Plaintiff's counsel has been appointed class counsel in numerous federal and state class actions. Dkt. No. 36-1 ¶ 17. The Court finds that proposed class counsel and Plaintiff have prosecuted this action vigorously on behalf of the class to date, and will continue to do so. The adequacy of representation requirement, therefore, is satisfied.

### ii. Rule 23(b)(3) Certification

To certify a class, Plaintiff must also satisfy the two requirements of Rule 23(b)(3). First, "questions of law or fact common to class members [must] predominate over any questions affecting only individual members." And second, "a class action [must be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court finds that both are met in this case.

#### a. Predominance

"The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, — U.S. —, 136 S. Ct. 1036, 1045 (2016) (quotation omitted). The Supreme Court has defined an individual question as "one where members of a proposed class will need to present evidence that varies from member to member . . . ." *Id.* A common question, on the other hand, "is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Id.*

Here, the Court finds for purposes of settlement that the common questions raised by Plaintiff's claims predominate over questions affecting only individual members of the proposed

6

class. Plaintiff alleges that Defendant, as part of its "systemic" policies, failed to compensate and reimburse its hourly/non-exempt yoga instructors for all work such as running the reception desk, traveling between studios, and making playlists for classes. *See* SAC ¶¶ 9, 36, 45, 62. Nor did they provide meal and rest breaks or reimburse them for reasonable businesses expenses. *Id.* Because under Plaintiff's allegations Defendant's wage and hour policies were uniform and violated California law, the Court finds the predominance requirement is satisfied for purposes of provisional class certification.

### b. Superiority

The superiority requirement tests whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court considers four non-exclusive factors: (1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. *Id.*

Here, because common legal and factual questions predominate over individual ones, and taking into account the large size of the proposed class, the Court finds that the judicial economy achieved through common adjudication renders a class action a superior method for adjudicating the claims of the proposed class.

### iii. Class Representative and Class Counsel

Because the Court finds that Plaintiff meets the commonality, typicality, and adequacy requirements of Rule 23(a), the Court appoints her as class representative. When a court certifies a class, it must also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B). Factors that courts should consider when making that decision include:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). In light of the fact that Plaintiff's counsel has extensive experience litigating class actions in federal court, Dkt. No. 36-1 ¶ 17, and given their diligence in prosecuting this action to date, the Court appoints Blanchard, Krasner & French and the Emge Firm, LLP as class counsel.

## III. PRELIMINARY SETTLEMENT APPROVAL

Finding that provisional class certification is appropriate, the Court now considers whether it should preliminarily approve the parties' class action settlement.

### A. Legal Standard

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, before a district court approves a class action settlement, it must conclude that the settlement is "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674–75 (9th Cir. 2008).

Where the parties reach a class action settlement prior to class certification, district courts apply "a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (quotation omitted). In those situations, courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

Courts may preliminarily approve a settlement and direct notice to the class if the proposed settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not grant improper preferential treatment to class representatives or other segments of the class; and (4) falls within the range of possible approval. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). Courts lack the authority, however, to "delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

**B. Analysis**

    **i. Settlement Process**

The first factor the Court considers is the means by which the parties settled the action. "An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011).

Here, class counsel believes based on significant formal discovery, including the analysis of thousands of pages of documents, that the settlement is fair, adequate, and reasonable. Dkt. No. 36-1 ¶¶ 3–12, 18–22. The Court consequently finds that this factor weighs in favor of preliminary approval.

    **ii. Preferential Treatment**

The Court next considers whether the settlement agreement provides preferential treatment to any class member. The Ninth Circuit has instructed that district courts must be "particularly vigilant" for signs that counsel have allowed the "self-interests" of "certain class members to infect negotiations." *In re Bluetooth.*, 654 F.3d at 947. For that reason, courts in this district have consistently stated that preliminary approval of a class action settlement is inappropriate where the proposed agreement "improperly grants preferential treatment to class representatives." *Tableware*, 484 F. Supp. 2d at 1079.

Although the Settlement Agreement authorizes Plaintiff to seek an incentive award up to $10,000 for her role as named plaintiff in this lawsuit, *see* SA ¶ 10, the Court will ultimately determine whether she is entitled to such an award and the reasonableness of the amount requested. Incentive awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). Plaintiff must provide sufficient evidence to allow the Court to "evaluate [the named plaintiff's] award[ ] individually, using relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation . . . ." *Stanton v. Boeing Co.*, 327 F.3d

1    938, 977 (9th Cir. 2003). The Court notes that the conclusory reasons that Plaintiff has proffered thus far, *see* Dkt. No. 36-1 ¶¶ 28–29, do not sufficiently justify an award so substantially greater than the settlement value of the other class members' award. The Court will consider the evidence presented at the final fairness hearing and evaluate the reasonableness of any incentive award request. Nevertheless, because incentive awards are not per se unreasonable, the Court finds that this factor still weighs in favor of preliminary approval. *See Rodriguez*, 563 F.3d at 958 (finding that "[i]ncentive awards are fairly typical in class action cases" and "are discretionary" (emphasis omitted)).

### iii. Settlement within Range of Possible Approval

The third factor that the Court considers is whether the settlement is within the range of possible approval. "To evaluate whether the settlement amount, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). This requires the Court to evaluate the strength of Plaintiff's case. The Class Action Fairness Act ("CAFA") allows courts to approve coupon settlements "only after a hearing to determine whether, and making a written finding that, the settlement is fair, reasonable, and adequate for class members." 28 U.S.C. § 1712(e).

Here, each class member will receive approximately $590, after deductions have been made for Court-approved attorneys' fees and costs, settlement administration fees, the LWDA payment, and any additional payment to Plaintiff as class representative. SA ¶¶ 10, 16, 39, 60; Dkt. No. 36 at 4. Plaintiff's counsel estimates that this represents 16% of the maximum potential recovery. *See* Dkt. No. 36 at 18. However, Plaintiff would face substantial risk certifying a class given the nature of the asserted claims. Although Plaintiff contends, for example, that Defendant's policies are uniform, there are still individualized inquiries to consider such as whether some of the forty studios had different practices in terms of the worked performed and reimbursed. Defendant also maintains that even if a class were certified, Plaintiff could not prove liability because it "properly paid and reimbursed" its yoga instructors. Dkt. No. 36 at 19–20. The Court finds that this risk weighs in favor of granting preliminary approval.

10

#### iv. Obvious Deficiencies

The fourth and final factor that the Court considers is whether there are obvious deficiencies in the settlement agreement. The Court finds no obvious deficiencies, and therefore finds that this factor weighs in favor of preliminary approval.

\* \* \*

Having weighed the relevant factors, the Court finds that the settlement agreement is fair, reasonable, and adequate, and GRANTS preliminary approval.

## IV. PROPOSED CLASS NOTICE PLAN

For Rule 23(b)(3) class actions, "the court must direct notice to the class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

With respect to the content of the notice itself, the notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;
(ii) the definition of the class certified;
(iii) the class claims, issues, or defenses;
(iv) that a class member may enter an appearance through an attorney if the member so desires;
(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members[.]

Fed. R. Civ. P. 23(c)(2)(B).

The parties have agreed that a third-party settlement administrator will send class notice via first-class U.S. mail to each absent class member at their last known address, as provided by Defendant and updated by the administrator as appropriate. SA ¶¶ 27–28, 47–48. Any letters returned as undeliverable will be sent to any updated address provided with the returned mail. *Id.* ¶ 48. If no forwarding address is provided, the settlement administrator will attempt to determine the correct address through a skip-trace or other search engine. *Id.* The parties have attached a copy of their proposed class notices to the settlement agreement. Dkt. No. 36-1, Exs. A–B. The notice packets will include individualized estimates of the number of yoga classes that each class member taught and the estimate of the amount a class member would receive from the settlement.

*See* Dkt. No. 36-1, Ex. A.

The notice also informs class members that class counsel "will ask the Court to approve payment of up to $420,000 for attorneys' fees, as well as reimbursement of litigation costs and expenses advanced by Class Counsel of up to $20,000." Dkt. No. 36-1, Ex. A. It also provides that Plaintiff "will ask for $10,000 for her services as Class Representative." *Id.*

To enable class members to review class counsel's motion, class counsel shall include language in the settlement notices: (1) indicating the deadline for filing the attorneys' fees motion and request for Plaintiff's incentive award; (2) specifically stating the deadline for any class member objections to these motions; and (3) informing class members that the motion and supporting materials will be available for viewing on class counsel's website. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993–94 (9th Cir. 2010) (holding that under Rule 23(h), class members must be given a full and fair opportunity to examine and object to attorneys' fees motion). That motion shall be filed with the Court and posted on class counsel's website not later than 20 days before class members' objections are due. With those changes, the Court finds that this is the best practicable form of notice under the circumstances.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for preliminary approval of class action settlement. Finding no need for an additional preliminary approval hearing, the Court **SETS** the following schedule:

| Event | Date |
|---|---|
| Defendant provides Settlement Administrator with class information | October 6, 2017 |
| Deadline for Settlement Administrator to mail notice to all potential class members | October 26, 2017 |
| Filing Deadline for attorneys' fees and costs motion | October 26, 2017 |
| Filing deadline for incentive payment motion | October 26, 2017 |
| Deadline for class members to opt-out or object to settlement and/or application for attorneys' fees and costs and incentive payment | December 29, 2017 |
| Filing deadline for final approval motion | January 10, 2018 |
| Final fairness hearing and hearing on motions | February 15, 2018 at 2:00 p.m. |

The parties are **DIRECTED** to implement the proposed class notice plan with the edits identified above.

**IT IS SO ORDERED.**

Dated: 9/11/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge